All right, Ms. Harris, you've reserved two minutes for rebuttal, so that gives you three to start. If we go over a little bit, we'll just ask. But if we're in the middle of something, we'll continue. Okay? Thank you. Justine Harris for Mr. Haya. May it please the Court. This appeal presents a discreet and important legal question. May a court in an extradition bail proceeding use unproven foreign charges to conclude that a relator, here Mr. Haya, is a flight risk and presents a danger, while at the same time categorically refusing to consider the weight of the evidence that supports those charges. Specifically, while relying principally, if not exclusively, on the nature of the charges to conclude that Mr. Haya was a risk of flight and a danger to the community, the district judge stated that she was, quote, not permitted to evaluate the weight of the evidence that's before the court in another country when there are concerns about international comedy. She acknowledged that a bail reform act case would require consideration of the weight of the evidence, but believed there was no precedent allowing it in the extradition context. This catch 22 that Mr. Haya was placed in is legal error. De novo review applies rather than clear error, which is the standard advanced by the government throughout its opposition. And the detention order should be vacated. This court should either release Mr. Haya on the proposed conditions set by magistrate Judge Willis or remand the matter to the district judge with directions to have fact-finding relating to the weight of the evidence. Didn't the district court consider the evidence from the Israeli investigation? The court said the evidence from the Israeli investigation indicates that Mr. Haya directed his co-conspirators on when, where, and how to obtain weapons and explosive devices for the murder plot and that this evidence established probable cause that he had committed these crimes. Am I missing something? Your Honor, the district judge there is essentially citing the face of the affidavit and the extradition request that was submitted by Israel. So it's essentially just citing the charges. Well, the affidavit is not just the charges. It talks about evidence, right? So, yes, it talks about the affidavit. However, Your Honor, it's a one-sided consideration of the weight of the evidence. It's not at — it's just considering the evidence presented by the government and here the government of Israel. It's not actually weighing the weight of the evidence because there were counterfacts that Mr. Haya had in his possession that she said was not her province to consider given that this was an extradition matter. This is specifically the two meeting dates at which the information that Israeli government had proffered said that Mr. Haya was in Israel discussing and conspiring with alleged co-conspirators. Those two dates were dates that conclusively were established and conceded by other facts in the record that he was not in Israel at that time. All of the information relating to his involvement in the conspiracy came from two confidential informants, including one that was paid over $100,000. Judge Vargas essentially conflated the no-inquiry rule that applies with respect to probable cause determinations in the extradition context. The law is very clear with the court that's reviewing whether or not to certify an extradition that they're very constrained as to what kinds of evidence they can consider that bear on probable cause. A relator here, Mr. Haya, is only able to establish or come forth with evidence that explains or contextualizes probable cause. The rule is a court-certified extradition may not consider any evidence that would refute probable cause. Judge Willis will. I want to go back to an earlier point you made on the standard of review. With respect to the court-certified extradition, the court has made the conclusion that no reasonable conditions could prevent a risk of flight. We review that for clear error, yes? Your Honor, this Court in the Shakur case said that when there's a legal error, that's... The legal error relates to a different component. Is it on the flight risk? I just want to focus on that. The judge's conclusions of fact that there was no condition that would prevent flight, the risk of flight. Why isn't that reviewed for clear error? Your Honor, because the judge's fact-finding with respect to risk of flight categorically excluded certain facts that would bear on risk of flight. This Court and other courts... What she found was, for example, that your client's wife and children live abroad. You're not contesting that, are you? I'm not. And that he had the resources to flee? Are you contesting that? He had resources, Your Honor. The question of whether or not those resources could have been deployed with respect to travel documents or other means of flight, I think, were purely speculative. But he had resources, certainly. I guess what I'm saying is... It's sort of an everyday conclusion in many, many cases that the guy has much stronger ties to people abroad than to people here. The guy has the means and experience to flee. So the Court concludes that he's a substantially... That he's a substantial flight risk. And I don't see how that constitutes something that is reviewed for anything other than clear error. Your Honor, if that had been the judge's finding, that if the district court had concluded that Mr. Haya was a flight risk primarily because the family resided overseas, we'd have a different appeal here. This would be a different question. But the record is very clear, and there are numerous recitations relating to the allegations from Israel. I'm wondering whether one way one could look at this is as the error if you're alleging the part of most harmless errors because there was a determination, a sort of conventional determination of flight risk. Your Honor, I don't think that's a fair reading of the record, number one. I think, secondly, just the language in Shakur is that if an error of law has impaired the judgment of the trial court on a mixed question of law or fact, the finding should be set aside and justifies a nondifferential standard of review. I also think if it had been only a question of family members living overseas, resources... But the district court didn't say only that. The district court didn't say that because the family didn't live overseas. Third, he doesn't have strong ties to the United States, his family doesn't live here. He himself resides primarily in a Turkish compound with private security. He's got passports and identification documents from several other countries. Why isn't that all alone just enough to establish flight risk? Your Honor, for the very same reasons that Judge Willis, Magistrate Judge Willis, who had just spent essentially a year reviewing briefing and considering the habeas, determined that the conditions that were proposed, very stringent conditions that were proposed as part of the bail package, were sufficient to address those issues. One $1.5 million bond, $1 million of cash, two pieces of property, a brother who lives here in the United States. Okay, but if you're not quibbling with the conclusion based on those facts of risk of flight, it seems to me, but that's not a legal error at that point, right? Your Honor, I think the legal error is that the central role that the district judge's reliance on the charges in Israel played with respect to the findings of fact, meaning that the only, that it was a legal error to not allow Mr. Hayat to present very real defenses he has to those charges. Because that very much informs his willingness and ability to go defend against the charges in Israel. If he's ultimately certified and the habeas and appellate courts require him to go to Israel, it very much supports the notion that he's willing to go and defend those charges because he has defenses to those charges. And that the other conditions proposed and the very stringent conditions approved by Judge Willis would have been sufficient to address whatever risk of flight was presented by the facts that Your Honors have noted. So the legal error is saying, no, I can't consider the strength of your countervailing evidence. And your argument is that legal error infected the factional findings in a way that kind of overrides the clear error review we would otherwise do. And I suppose you have to also say there's a decent chance that had the court considered those factors, it would have reached a different conclusion, notwithstanding all of these other findings that are kind of typical risk of flight findings, ties to the community, family abroad, et cetera. That's correct, Your Honor. These were significant issues, just things that the Israeli charges got plain wrong about his location in late 2023 and 2024. And I think that would have been a real issue to present to the district court, and I think would have materially altered the calculus with respect to the weight of the evidence. In fact, you were – is there any extradition case you can point to where we've required courts to do what you're asking Judge Vargas to do and asking us to say that courts must do? Your Honor, the issue has frankly not come up in that precise – Well, I mean, we've got some cases where we've said courts didn't have to do this, right? Leitner, there was a denial of bail without the weighing of evidence. That's – Your Honor, that – those are cases where the court found that there were no special circumstances. Again, in the extradition context, there's a two-part inquiry. Essentially, defendant first has to come forward and establish special circumstances to justify the presumption against bail that normally attends in an extradition case. In Leitner, they just said simply special circumstances weren't established. And so I don't think Leitner ever addressed the question of risk of flight and dangerousness. It's notable, in fact, that almost every court, district court, for the most part, that considers, once they get over the hump of special circumstances, whether or not there's risk of flight and dangerousness, do routinely refer to the 3142G factors. Those cases are cited at page – Well, but you're saying more than that. You're saying the 3142 due process requires the application of that statute to an extradition bail request, right? Isn't that what you're saying? I'm going to ask for something narrower than that, Your Honor, because I'm not going to take on that entire project at today's proceeding, but simply that if we look at Salerno, obviously Salerno came up in a slightly different context. It's a pretrial. It's a pretrial in a criminal case, but it was against a constitutional due process challenge. Right, where there's a presumption of bail. And this is a presumption against bail, right? Your Honor, that's correct. But there are already a number of procedures that are flipped because of that presumption. As I just noted, Mr. Hia here had to establish special circumstances. Then, with respect to risk of flight and dangerousness, rather than have the government have to prove by clear and convincing evidence or carry any burden whatsoever, it is, again, Mr. Hia's burden to prove risk – that he is not at risk of flight and that he doesn't present a danger. That addresses the presumption. I think the important part about Salerno's decision with respect to the 3142G factors is that it notes, quote, specifically, these were specifically designed to further the accuracy of the determination. Our complaint here is about the accuracy of the fact-finding. And if you make a legal conclusion that there's a certain category of evidence that's not going to be considered with respect to fact-finding, you have a due process concern. And then the Court concludes in Salerno that the safeguards in – referring again to 3142G – that the safeguards there are – suffice to repel a facial challenge. It makes logical sense. If you're going to consider really serious charges that he faces over 10 years, as Your Honor noted, that he's a leader of an alleged gang, that he's apparently alleged to be conspiring in violent crimes, it only makes sense that that's not a one-sided factual consideration. That if you're going to weigh those factors heavily, as the district judge did here, that it's only fair, it only comports with due process if Mr. Hia has the ability to present evidence to rebut that. All right. You've reserved two minutes for rebuttal. We'll now hear from Ms. Hand. May it please the Court, Dana McCann for the United States. I represent the government both on this appeal and the extradition and habeas proceedings below. The questions before this Court are whether Hia can be released now that a court has ordered him extraditable and whether the district court clearly erred in ordering Hia detained. And this Court can affirm the detention order because his detention, one, became mandatory following the order of certification. But this Court can also resolve this appeal on that issue alone, but it doesn't need to because there are alternative bases for affirming the detention order, and that is that the district court did not clearly err in finding that Hia failed to meet his burden to establish that Hia is neither a risk of flight nor a danger to the community. And in any event, Hia did not meet his burden of establishing special circumstances, which is required in extradition cases. So what do you say to the argument that the district court erred in concluding that it could not, as a matter of law, take into account the weight of the evidence against him as proposed to be shown by the defense? The district court's conclusion there was correct, and that's because the scope of that, of Judge Vargas' inquiry, was limited to the types of evidence that are permitted in extradition proceedings. There are substantial limitations to what an extraditee can present in those extradition hearings. A fugitive is not permitted to introduce evidence that contradicts the evidence submitted by the requesting State. He's not allowed to introduce evidence that would call into question the credibility of witnesses. So all of that makes sense with respect to the question of certification. And I take it your position is that those limitations extend to the question of bail. What I'm struggling with a little bit is the government doesn't dispute that risk of flight is one of the factors that would go into the bail consideration. And you don't have to tie it to 18 U.S.C. 3142G to recognize that one of the factors that courts look at in evaluating risk of flight is how serious are the charges and how strong is the evidence against you. And so wholly apart from what may or may not be proper consideration for purposes of certification, wouldn't it be reasonable for a court to consider the strength of the evidence in evaluating the risk of flight? It would not be appropriate for a court deciding whether to bail an extraditee pending habeas to consider the weight of the evidence. And that's because the nature of the offense conduct goes directly to the likelihood of success of proving extraditability. And that consideration is tethered to both the likelihood that the individual will, in fact, be surrendered to the requesting country, and it also goes to the risk of that individual absconding before that surrender can be made. Now, on the other hand, it would be improper to consider his defenses or the credibility of the cooperating witnesses. Let me go back a step. You agree, do you not, that the district court could consider, in fact, did consider risk of flight? Yes, Your Honor. And the question that's being raised, I think, is since that requires, in effect, an inquiry as to what someone situated in the defendant's position would be tempted to do or not, isn't it highly relevant if the defendant said, I'm totally innocent. They're never going to be able to prove any of this stuff against me, so why the hell should I fly? Your Honor, in such a case, the individual perhaps wouldn't be challenging his extradition and would be inclined to move forward as quickly as possible to assert those defenses at trial in the requesting country, which is where that inquiry is appropriate. He has not offered any evidence that has been alleged to completely obliterate probable cause, and that is the standard in the extradition proceeding, and that is the standard that should be applied in the detention setting, because that is the type of evidence that goes to the likelihood of his success in the criminal proceeding in Israel. The district court's determination at the habeas standard is very limited, and it's an even higher standard, and it's an even more limited and narrow inquiry than what was before the extradition court before Judge Willis. At the habeas stage, Judge Vargas is limited to determining whether there was any evidence before Judge Willis, whether there was any evidence presented at the initial extradition stage that warranted the certification order. It's not a complete de novo review of the evidence. It's a limited determination, and the case law has suggested that the certification order is to be viewed as a presumptively valid judgment. And so the possibility that the extraditee will be extradited and surrendered to the requesting country has heightened at this stage. So let me ask about this, and I realize Salerno is a very different set of facts, but in other areas of law, the burden doesn't shift vis-a-vis the bail determination until after there's a determination of guilt. Here, it seems like the burden is shifting on a finding of probable cause. Does due process have anything to say about that, or in your view, is compliance with the statute and essentially presumption, presumptive detention upon an initial determination of probable cause without any further findings perfectly consistent with due process? The provisions of the extradition statute, as well as the extradition treaty, are consistent with due process. And the existence of that treaty suggests and is, in my view, already a recognition by our government and the foreign government that those considerations, including the constitutional and due process considerations, have already been met. So we should defer to the executive branch to have already made the due process determination and we as courts need not do any further assessment? Yes, Your Honor, and that's exactly what the extradition statute contemplates. As counsel noted earlier, the extradition statute contemplates a bifurcated process, and that is the first process requires the extradition court to consider whether the requirements of the applicable treaty have been met. That is the extent of the inquiry. Additional considerations, including foreign policy considerations, humanitarian concerns, those are to be presented before the Secretary of State, and that is explicitly outlined in Section 3184. So the extradition statute has, as well as the extradition treaty, they have already considered and already taken into account the due process considerations that would be at play here. And I think on that point, there are time limits that are contemplated by the statute and by the treaty. This is not a situation where an extraditee or a person facing extradition will be detained indefinitely. There are time limits. For example, in Section 3188, the Secretary of State must make a surrender determination within two calendar months of certification. Otherwise, a judge has the authority to authorize the extraditee's release or the fugitive's release. And so due process concerns, again, were already incorporated into the statute, and so those concerns are not at play here. What if we conclude that your legal proposition, that it would be improper for the district court to consider the strength of the evidence? What if we conclude that that's wrong, that the district court could have considered the strength of the evidence in the context of assessing the risk of flight? What do we do then? If this court concludes that the weight of the evidence is a permissible consideration, that would essentially turn bail decisions, especially at the habeas level, into a full-blown dress rehearsal trial, which is something that this court has already... The question that's being asked is, even if you're right in your arguments, you win, but assuming arguendo, that we disagree with your conclusion that weight of the evidence could not be considered, what do we do then, was the question. Thank you, Your Honor. It wouldn't make a difference, and that is because he bore the burden to establish not only risk of flight, but that he's a danger and that he has established special circumstances. And he did not meet that burden. So even if weight of the evidence was considered below, Judge Vargas made clear in her findings that he's also a danger to the community. She made several findings as to both risk of flight and danger to the community. And so remanding for that consideration would be futile at this point, because he cannot meet his burden on the factual record. She also considered that he is, again, a leader of a criminal syndicate and that he is alleged to have committed violent crimes. He is alleged to have worked with co-conspirators and directed co-conspirators and members of his gang to perform and execute at least two attempted murder plots. And so these are facts in the record that really would not change Judge Vargas's ultimate conclusion. Your Honor, I think the final points I will make here is that there are competing considerations in extradition cases, and that is that there is an obligation by treaty and by statute to deliver the accused person to the requesting country. There are considerations that would cause serious embarrassment to the United States and to the government if we were unable to deliver on those promises and to deliver on those obligations. And so here the district court did not err in finding that, one, he did not meet his burden to establish that he is a risk of flight, nor did he meet the burden of establishing that he is not a danger to the community. All right. Thank you, Ms. McCann. We'll hear now from Ms. Harris for two minutes. Thank you. You know, the government's proposition that 3184, the terms of the statute governing extradition, precludes a full and fair fact finding in the bail context is not supported by a single case authority. There's not a single case that applies the rule of non-inquiry that relates to certification to the bail context, and that's important. To the extent that 3184 bears on the question of detention, the Supreme Court in Wright v. Henkel made clear that it was not a prohibition of bail, that it wasn't going to rule out the question of bail, but rather there'd be a presumption against bail that could be rebutted, and it could be rebutted by the defendant or here by the relator, Mr. Haya, if special circumstances could be shown. What makes a circumstance special? Your Honor, the standard has been multifactored, and there's no straight – there's no rigid set of factors that govern that, but one of the key issues and one of the ones that Judge Willis found in Mr. Haya's favor here was that the proceedings, the habeas and the extradition proceedings, would be unusually long or complex, that there'd be protracted reasons. And here, of course, there are a number of reasons why the proceedings are, in fact, already long and complex, and they relate to the government's conduct in how Mr. Haya was secured and obtained from Malaysia to this country, essentially an extrajudicial kidnapping in which there are clear evidence that the government, our government, misrepresented and backdated documents to an allied nation and essentially engaged an entire ruse to secure Mr. Haya's presence here. Judge Willis, after considering all those factors, said there are very serious issues that higher court should consider with respect to the wrongfulness and the way that the United States government conducted itself in this action. Now – But I guess I'm trying to figure out what evidence did he want to introduce that wasn't considered by the district court with respect to either risk of flight or dangerousness? So, Your Honor, it's actually a fairly detailed proffer, some of which we note in our briefs. It's also outlined at length in Mr. Haya's habeas petition. But there's evidence relating to, you know, first of all, the Israeli extradition request alleged, presumably based on this informant's testimony, that Mr. Haya met with the co-conspirators on two separate occasions in Israel in December of 2023 and January of 2024, dates that other travel records presented by the government make clear he was not in the country at the time. He was actually in Indonesia. And that's not a credibility dispute. That's actually a documentary refutation about critical co-conspirator meetings that he was alleged to be present for, that he wasn't there. And so the district court, in your view, what, had to have a hearing on this and had to make findings as to? At bare minimum, Your Honor, the district court had to consider that evidence that there were allegations and hear what the government's response might be with respect to those allegations. We had to have a sort of full factual discussion and consideration of all the evidence that bore on risk of flight. There's information about the confidential informant being paid as part of the leniency deal, $100,000 in cash for implicating Mr. Haya. The second informant, by his own account, does not know Mr. Haya personally. There's other discussion about phone records and surveillance video, none of which conclusively establishes Mr. Haya to the conspiracy in question. At issue, it cannot be that 3184, as Wright v. Henkel makes clear, 3184 does not bear on the question of bail. Bail in the extradition context has been a judicially created doctrine, and the cases are really of a piece that special circumstances have to be established by the defendant, and then if those circumstances are established, risk of flight, the defendant has to prove that he's not a risk of flight and not a danger. Once we get to that second stage of consideration, there's no reason why, given that Mr. Haya is a U.S. citizen, that there's a fundamental liberty interest at stake. And here, a finding that the proceedings are not going to comply with the time limits that the government pointed to as one of the safeguards, as one of the due process safeguards set up in the extradition statute. Those time limits are not at play here, because this is already an unusually long and complex case that is going to take substantial time. Mr. Haya has been in detention for two years. His six-month sentence on the passport fraud case has been satisfied. It's 18 months. The habeas matter is fully briefed before Judge Vargas. There may be appeals to this Court at the end of the day. The question is, during that time, while he litigates very substantial jurisdictional challenges related to misconduct committed by the United States government in securing his presence here, whether during that time he should be forced to wait in detention at the MDC or fight those issues at liberty. I do want to note, finally, the government notes that it would not have made a difference. And it's notable. If we look back at the facts that the government cited to, those are facts related to the nature of the allegations. And I just want to briefly, and this goes back to the Court's earlier point, that the reliance on the charges infected every aspect of the district court's findings here, and that reliance was a legal error. At Appendix 566, Judge Vargas says, Mr. High is charged with extremely serious crimes and faces a significant term of imprisonment. Right. That's not true. You're not disputing that. He is. He is facing serious charges. Of course, the significant term of imprisonment went from 60 years to at most 13 or 14 years, and likely less, Your Honor. But I just, I was going to note at A570, she cites his alleged leadership role in a criminal gang. And this gang's involvement in violent crimes, this Court concludes that Mr. High has not shown that he has not presented threat to the community. Again, in her earlier bail decision at A503, Mr. High has every incentive to flee based on the arrest warrant that was issued by the government of Israel, and that Mr. High is alleged to be the leader of a major organized crime syndicate called the Haya Gang. She references his charges against him with conceiving and initiating, financing and instructing his men to carry out this murder plot. Again, conversations and meetings that are based on evidence that we think is not substantial. And we, on Mr. High's behalf, wanted and he deserved the opportunity to present that evidence. Your Honor. But I guess I'm trying to figure. You want him to have bail so he can do what? His extradition has been certified, right? It is. It's right now, though, however, on appeal via the habeas before Judge Vargas, and there are very substantial legal issues involved in that appeal. And then, of course, either side, depending on the results before Judge Vargas, may end up appealing it to this court. So the issue, Your Honor, and I want to go back to the question Your Honor posed earlier, did Judge Vargas consider the evidence? She did cite to evidence or the evidence that was at least proffered on the face of the charges of Israel. The issue here is that the district judge did not weigh the evidence. The weight of the evidence is not just a recitation of allegations by the government, but involves a true testing of those allegations with full and fair procedures consistent with the due process clause. But since the issue here is certification, right, is there a probable cause? I'm just sort of pushing back on some of the questions I was asking earlier about the role of the evidence at risk of flight. But isn't the question really the likelihood that the probable cause determination will stand, the certification will stand, and so shouldn't the court be allowed to evaluate the evidence insofar as it relates to that, which is what the court did? So at issue in the habeas, which obviously is not part of our appendix but is part of the record, is not just probable cause because we concede, as we must, that the law limits what Mr. Haya can do with respect to challenging probable cause. Now, we have, of course, still challenged it, and we believe that the rule that allows us to contextualize or explain facts is satisfied with the evidence we presented. But more importantly, there's a fundamental question of whether or not the court has jurisdiction. So the court can only certify the extradition if the court has jurisdiction, and so there are substantial due process and constitutional challenges. But you're not arguing that those considerations are proper in the bail? In other words, you haven't asked that the district court be allowed to consider or required to consider, as the case may be, the strength of your what I would call collateral challenges to the extradition here. Your Honor raises a good point. I think, look, principally risk of flight has related to and dangerousness have related to criminal charges. And so our focus has been on the criminal charges that are the basis for the extradition request because they carry with them incarceration. Right. I guess for risk of flight, though, here, the risk is it's going to flee not before it can be incarcerated or even trying, but it's going to flee before it can be extradited. That's why I was trying to figure out whether maybe we ought to reframe what evidence is relevant to risk of flight in the context of extradition. Your Honor is right, and, you know, frankly, we could have, but for the page limitations and word count. No, no, no. But expanded, but certainly the question of it's a logical and intuitive fact inquiry, right? What would incentivize someone to flee versus what would incentivize them to return to court? And I think Judge Willis actually recognized all of that when she ruled and granted bail. She said, look, there's a lot of things that have come out in the course of this extradition proceeding because there was discovery that was obtained in the criminal case that bore on the documents that have given Mr. Haya reasons both to challenge more substantive reasons to challenge the extradition request as well as fight the charges in Israel. And she noted exactly the distinction that I'm asking the court to adopt here, which in fact all courts have done that have considered this issue, which is that I cannot she said I may not have been able to give these much weight with respect to the question of certification, but I'm here as a judge looking at questions of risk of flight and I am sort of duty bound and should will and should consider these issues when I'm looking at risk of flight. And is it fair to say there aren't any decisions that tell us a court can't consider the weight of the evidence, but there also aren't really any that tell us they can't? Are we plowing new ground either way here? It's a, it is a, there's not a lot of precedent directly. However, I think there's, at least with respect to our position, there is precedent that bolsters our position by comparison. And I just wanted to note with respect, for example, to in a criminal context, right, and again, it's a different, I'm not, I understand all the distinctions that would apply, but certainly there are a number of criminal cases, not extradition cases, in which circuit courts were averse because of failure to consider each of the including the weight of the evidence. Those are cited at page 14 of our motion. And so it's not, it's by analogy and certainly not, not directly controlling because this issue, frankly, I don't think has, has been presented exactly on these facts previously. I also, I do think that while there's a presumption against bail in the, and we acknowledge that, a presumption against bail in the extradition context, courts, and we've cited these authorities, also make clear that due process and the Fifth Amendment still apply. And Mr. Hia here, who is a United States citizen, should establishes and I think should encourage this Court that there's nothing about international comedy and there's anything about the United States government's interest in extradition or international comedy that should limit the inquiry with respect to bail when a fundamental liberty interest is at stake. But with respect to certification, that's the case, right? That is true with respect to certification. Right. So I guess I'm, that's what I'm puzzled by. It seems to me what you're saying is he should get bail so he can continue fighting his extradition here. And the Court should consider the strength of the Israeli case even though that's not relevant to whether or not the extradition will be enforced here. Your Honor, the question, I think the question for bail with respect to extradition and the government's interest is whether or not the government at the conclusion of the extradition proceedings will be in a position to deliver, I think that's the language, or surrender the prisoner to the foreign country. Right. And if he has a high likelihood of winning here, in other words, getting the certification overturned, well then maybe you have something. But you're not really arguing that. You're really arguing that the case in Israel is weak. And if he thinks he wants to test the Israeli case, he can go to Israel and test it. Your Honor, I think there's two, he has multiple defenses. And as the Court noted earlier, we do have a very substantial habeas petition. And we know that Judge Willis' finding that the government's conduct here reeked of wrongfulness. But that has nothing to do with the strength of the Israeli case. No, Your Honor. That has nothing to do with the strength of the Israeli case. And that's the only legal error you're pointing to. Your Honor, the question is if at the end of his certification process he loses. Right. And the question is what are his incentives to then report as required to the country of Israel, surrender so the government can fly him across to Israel or flee. And so that question is very much informed. So it assumes, in essence, that we lose the extradition proceeding, which is not in a I guess I'm confused. If he wants to fight this in Israel, he can do that now. He could basically say I'm happy to go. What you're saying is that he's challenging the certification decision because of things that the U.S. government did to get him here. And if that's the case, if he has a really strong case on that, then maybe, yes, he doesn't have an incentive to flee while he gets to litigate what the U.S. government did. But that's not the error that the district court made in your papers, according to you. Well, Your Honor, to some extent, those issues were addressed in the special circumstances case to some extent because special circumstances really related to the sort of merits of his habeas petition or not that it wasn't yet a habeas petition at the time when Judge Vargas brought up the merits of his jurisdictional challenges. Those were already the special circumstances that she found were going to prolong and make the certification litigation such, no matter what court it's in, complex and long. So I do think that those factors were already taken into account, and those factors were not disturbed by Judge Vargas, nor have they been challenged by the government. Here the question is then risk of flight vis-à-vis the notion that he might face incarceration. The whole question of risk of flight is always posed, are you going to jump or are you going to surrender for a possible sentence at the end of the day, right? And the possible sentence here is not by in this extradition proceeding. The possible sentence is in Israel. So the question is, we've already found special circumstances. It's already a complex issue with respect to jurisdictional challenges to the extradition. Now the question is, if he loses that process after the end of whatever it is, two, three years, what incentive does he have to jump bail then versus report as required and assist the government in satisfying his international diplomatic obligations by ensuring that he gets to Israel? And our point is in assessing that issue, because the judge focused on that issue in particular, the judge wasn't focused on saying he had no chance in the habeas. The judge was saying he's facing a really long sentence in Israel. He's ahead of a criminal gang in Israel. He participated in a conspiracy to do a violent act. Well, what the judge is saying is that's what Israel thinks. And if they get him, then they're going to pursue on that theory, right? But if he's – but if you're considering if the court on the one hand is giving enormous weight, which is what the court did here, on the face of those allegations, at the same time, Mr. Hayes should have been allowed to present facts that said, no, I have a lot of defenses to those charges. I'm not going to jump bail if I lose a certification. I'm going to go to Israel. But so you're saying that there should be another bail hearing after, if he were to lose then on his challenge to certification. Then we have a whole new bail hearing because then he might still have incentives to not flee between the date that his certification is affirmed and his ultimate extradition. We can make that finding now, Judge. That's the finding we wanted Judge Vargas to make is now. There's no reason to delay that finding. We're saying, look, we need time to litigate these very substantial issues. Judge Willis found there are special circumstances in the extradition context. If we lose, if Mr. Hayes loses, there's no risk of flight because he has defenses to those very serious charges. She gave enormous – He has defenses in Israel to those charges. Correct. This whole proceeding is about whether or not he should go to Israel and face those serious charges. And we're saying he has no risk of flight with respect to that issue because he has defenses to those charges. The evidence is not as strong as it's presented to be by the government of Israel and due process requires a full and fair factual inquiry into risk of flight. There's not a single case, single case that supports the government's position here that the rule of non-inquiry should apply to preclude categories of evidence with respect to risk of flight. That ruling, that rule would raise serious due process concerns. Many cases cited throughout our briefs track the 3142G factors in considering risk of flight and dangerousness and the court should not disturb that long-standing practice here today. All right. Well, thank you. Thank you. Reserved decision.